**Edd JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42128.

Court of Criminal Appeals of Texas.

June 11, 1969.

Robert L. Stillwell, William P. Gibson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Allen L. Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for felony theft; the punishment, ten years.

The sole ground urged as error and the argument in the brief in support thereof are as follows:

"The district court erred in accepting appellant's guilty plea which was the direct result of a plea bargain between appellant and the state prosecutor, thereby violating Article 26.13 of the Code of Criminal Procedure and unconstitutionally depriving appellant of due process of law.

"The habitual criminal count was dismissed upon the recommendation of the State in exchange for appellant's agreement to plead guilty to the felony theft count. The State and Appellant had no agreement as to the sentence which would be recommended by the State or assessed by the Court.

"Appellant hereby respectfully submits that such plea bargain resulted in his guilty plea being, in effect, coerced and involuntary and without the volition necessary to render it acceptable by the Court. * * * ."

The indictment alleged two prior felony convictions for the purpose of enhancement. On motion of the state, the two enhancement paragraphs were dismissed by the court.

Upon the written waiver of the appellant, and with the written consent and approval of the state's attorney and the court, prior to the entering of a plea, and the filing of said papers in the cause, the appellant waived his right of trial by jury and entered a plea of guilty before the court.

The appellant was timely and properly admonished as shown by the court reporter's notes, the record and the stipulations. The state's evidence was also properly and sufficiently stipulated as shown by the record and the court reporter's notes.

The appellant did not testify or offer any evidence.

Assuming that such is ground for reversal, there is no evidence to support appellant's contention that he entered a guilty plea as the direct result of a plea bargain between him and the prosecutor; and there is no evidence that the appellant was influenced by or relied upon any statement of the prosecutor which caused him to enter a plea of guilty.

The record contains a motion (which bears no file mark) of the appellant requesting the appointment of a psychiatrist to examine him as to his competency to stand trial and as to his sanity. While the court was admonishing the appellant, the following took place:

"The Court: Before I accept this plea, Mr. Gibson, I notice that there is a motion for a psychiatric examination.

"Mr. Gibson: Your Honor, we have had trouble locating this psychiatrist, so we waive that now in view of the new developments.

"The Court: Are you fully convinced that the defendant is at this time sane and understands the nature of the proceedings against him in your own mind?

"Mr. Gibson: Yes, sir, I am, Your Honor.

"The Court: You wish to waive and abandon this matter of appointment—

"Mr. Gibson: Yes, sir.

"The Court: Mr. Johnson, do you understand what your counsel is suggesting to the Court? Have you ever been confined in any mental hospital or institution?

"The Defendant: No, sir.

"The Court: Have you ever been committed for mental or psychiatric examination?

"The Defendant: No, sir, only in the alcoholic ward.

"The Court: You have had some drinking problems?

"The Defendant: Yes, sir."

The record authorizes the conclusion that all the proceedings are regular and in compliance with Arts. 1.13, 1.15, 26.13, and 42.07, V.A.C.C.P., relating to pleas of guilty before the court in non-capital cases.

The judgment is affirmed.